We'll call case 22-4074, United States of America v. Morales-Lopez. Okay, counsel, please proceed. May it please the court, counsel, Nathan Jack for the United States. The district court erred in three ways here. One, by permitting a facial challenge to 922G3. Two, to the extent it made such a ruling, finding that 922G3 was applied as to Mr. Morales-Lopez's conduct. And three, in finding that 922G3 was facially vague. And I'd like to briefly take those in order. First, the district court violated the well-established process outlined in Reed for vagueness challenges. It should have begun and ended with an as-applied challenge. A litigant whose conduct falls within the confines of the statute cannot complain as to a statute's vagueness. This as-applied rule is founded on the vagueness doctrines, foundations of due process and non-arbitrary enforcement, and is supported by separation of powers. Johnson did not change that. Johnson involved a distinct and independent all-applications rule about what the litigant must prove. But because it involved the categorical approach and hypothetical situations, it could not consider the standard outlining the as-applied rule. It could not look to defend its conduct. As every court to consider this issue after Johnson has so held. Johnson did not change the as-applied rule. Turning to that application here, there was sufficient evidence that the statute applied to Mr. Morales-Lopez's conduct here. He admitted to his drug habit in the weeks leading up to his possession of a firearm, including that drug dealers on the street would recognize him and ask him if he wanted to purchase drugs, that he would go to a house and smoke meth with everybody. He admitted to specific uses of drugs, including with his co-defendant. He admitted that there was a period, roughly a month prior, where he hadn't slept for many days because he had been using methamphetamine. On top of that, on the day that he was possessing a firearm, he had a personal use quantity of methamphetamine on him. In addition to that, there was more methamphetamine in the car. Let me ask about that. He had personal uses of methamphetamine with him. But if he were selling the drugs to ultimate buyers, wouldn't he have personal uses to sell to them? How does that tell you that he was using them rather than he was simply packaging uses or having quantities for sale to users rather than to further dealers? It's a reasonable inference. Why is it reasonable? I think that there's two explanations why you would have some reasonable quantities for personal use. One, that you're going to use them while you're on business. And two, that that happens to be the quantities you're selling. And there are two evidence of support that he was using. One was in the center console of the car was a used methamphetamine pipe, which suggests usage. On top of that, we also have his history in his own description. We have the vape pipe in the console, but what ties that to the driver versus who might have been a passenger at one point or another ever in the car? Well, it was in the center console. And Mr. Morales-Lopez had admitted to using drugs with the driver of the car on prior occasions. So again, a reasonable inference from that is that he uses drugs with them. What was the time quantity for that admission? Sorry, what was it? What was the time quantity for the usage which he admitted that you just raised? So he admitted it was roughly five weeks prior to the incident that he used drugs with the co-defendant, who was the driver of the car. I mean, so that brings up the other complete other issue, which I guess you'll also address. What is the time standard for deciding whether you're using drugs? So the standard is regular and ongoing use contemporaneous with the possession of a firearm. That's the standard. And we can look at this case here. Five weeks before he admitted to a drug habit, on the day of, he was possessing a personal quantity, and there was found drug paraphernalia with him. That gives rise to reasonable inference that he was a user at the time that he possessed a firearm. If you look to this court's case in Sanders, for example, there was prior possession, but it was months prior to. And then on the day of, there was discovered some drug paraphernalia as well. And this court determined that that was enough to establish that the statute applied to the conduct there. I think we have an even better case here, where we have a drug habit established five weeks leading into the incident, and we have possession of almost six grams of methamphetamine the day of the incident. Turning to the third error, this court does not need to reach the issue of facial vagueness, because Mr. Morales' conduct falls within the statute. But if it does, it should find that the statute is not facially vague. All that's required here is a core conduct. The key issue is there needs to be indeterminacy of what the prohibited conduct is. And I'll agree here that the statute outlines a core conduct of some pattern of drug use. As Mr. Morales Lopez conceded in his brief, the statute implies some pattern of drug use. Any issue on the margins goes to the degree of that drug use, but degree is never enough to raise a facial challenge. As courts across the country, and this court as well, has established a qualitative standard is sufficient. And that's what we have here. So any disagreement about the degree does not rise to the level of a facial vagueness challenge. So kind of the new task for facial challenge is the core purposes for the statute. How do we determine those core purposes? Not a core purpose, but a core prohibited conduct. So we can look at the statute, and we also, as this court has instructed, we look at reasonable interpretive glosses that have been given to that statute as well to help define that standard of the core prohibited conduct. And so here, just looking at the face of the statute, we have the phrase unlawful user of a controlled substance. And as courts across the country give a reasonable interpretation for that to mean regular and ongoing use. And again, that is not so inherently vague that it doesn't identify any core conduct. You look at the cases the Supreme Court has found facially vague. Standards like annoying, where it's a wholly subjective standard, obviously those fail to identify the conduct that is prohibited. But here that is clearly outlined in the statute. What if, this is a hypothetical just for me to be able to understand the parameters of your argument, what if the evidence here was his last drug use was a month before? And in that intervening month before he was arrested, he was using, getting head abuse drugs that would have prevented him from using, he was going regularly to a clinic to get a drug that would prevent him from taking drugs. Would that have severed the conduct? That would be a closer case, and in that instance the court would, after taking all the evidence, consider whether the statute applies to that conduct in an as-applied challenge. And if it does, it would then go to... You don't think that would preclusively establish he wasn't then using drugs? Not necessarily. And it will depend on the facts of the case. And that's precisely why the Supreme Court has instructed courts not to rule on the constitutionality of the statute based on hypotheticals that aren't in front of us. Constitutional rights are personal, and one of the gravest responsibilities the court has is to strike down a legislatively enacted statute as unconstitutional. And it's only to do that based on the facts of the litigant before them. That's why we have the as-applied rule. If there are no other questions I would like to reserve... Because I've looked at the briefs and looked at this pretty carefully. What's left of this case, for example, if this court happens to agree with you, that the trial court erred in allowing him to attack this facially? What's left of the case? So this court can deem that the statute is constitutionally as-applied and then remand for resentencing. That's all that's left? That's what's left, is to remand for resentencing. Thank you. All right, I'd like to reserve the remainder for hypotheticals. Thank you. Counsel? May it please the Court? Scott Wilson, appearing on behalf of the appellee, Mr. Morales Lopez. Let me start with you first with the same question that I had. Because this, to me, has been a very interesting and tough case. So the one issue that really stuck out to me is what's left if the trial court did err in granting the facial challenge to this? Well, it would go back... I mean, it gets remanded. I understand that, but I'm just... We had a motion for Rule 29 judgment, you know, despite the verdict. And I think the judge would then have to rule on that. It didn't rule on it because it declared the statute unconstitutional. So that claim is still... It's an interesting and tough case for me, and I've been chewing on that question for a long time. So I'm glad both of you got a chance to answer it for me. Thank you. But you have no as-applied challenge? We do. We are making an as-applied challenge. Okay. And on its face. And so let's take this, you know, one at a time. First of all, in order for the government's argument to be correct, that we can't raise a facial constitutional challenge, they have to get past, like, four different arguments. And number one is Johnson. Johnson did not do an as-applied challenge before moving to a facial challenge, and it absolutely could. The fact is that you can do an as-applied challenge in discussing the residual clause because the as-applied challenge considers the statute, the prior offense that the defendant had. The as-applied challenge in Johnson would have been to consider whether or not a sawed-off shotgun was constitutional. The application of the residual clause to a sawed-off shotgun was constitutionally okay. And so they could have done an as-applied challenge just because they didn't get to the underlying facts. That's just because of the nature of the specific claim in that case. That question leads me, again, in looking at Johnson. Can you show me, because that's where the trial court went in this, what was the specific language, if you can help me out there, that the trial court said that Johnson overruled the situation that we have here? Johnson said, look, if you look in our past cases, you can see that there was, that, you know, some cases had an all-applications rule. And we are explicitly saying that that does not exist. You don't have to show unconstitutionality under all applications. And that's the only logical basis. That's different, though, than saying there are instances where it doesn't, where it's vague, but it's not with respect to me. Right, but that's a different analysis, and that's what I'm saying. If you're doing an analysis as applied, you don't consider the rest of the universe. So there are two very different legal arguments. One is, look at the facts, and you only look at these facts. You don't look at other things. And that's all of these cases where they say that. We don't look at other things. We only look at you. Those are as-applied challenges. So expressions, hair design, and it's nice to hold her, and all of these other cases, the Supreme Court applies that rule. Those are as-applied challenges. When you do a facial challenge, we don't care about the facts of the individual's case. In fact, it would make no sense to start there, because what we're saying is you look at the language itself and decide whether or not that language is subject to judicial interpretation. Well, you must care about the individuals. I mean, you couldn't just have John Doe walk in off the street and say, I just don't like the statue. Some of my buddies have been persecuted under it, and I want to get rid of it, so I'm going to bring this case. I've never used drugs. I'm not a drug user, but I've got friends that are. We wouldn't entertain that case. No, because you wouldn't have standing. But my client is being prosecuted. Of course you look as-applied to some extent. Well, my client is being prosecuted under the statute, and Justice Gorsuch in his DiMaia concurrence, and actually in Davis, makes clear that what we're talking about when it's facially unconstitutional is that it doesn't exist. It's void, and so nobody can be prosecuted under it, because if it's a void statute, nobody can be prosecuted under it. And so that's when my client is prosecuted under it, he has a right to make that challenge. Now, there are cases, and I get the sort of jurisprudential wariness about going into facial challenges, but I would say, look, a facial challenge is a high bar to meet, and so it's not going to be broad. You're not opening up a bunch of floodgates to facial challenges. But counsel, let me, because the very points you're making is what's been bouncing off my head all along. What bothered me is the trial court's reading of Johnson, because I wanted to be sure, because I know, I think I understand your argument. But we've, at the Tenth Circuit, been pretty clear, and then the only way you get around that is if Johnson does overrule our authority, but then Johnson not only goes against three other circuits that's had this issue, going against what we said, but after Johnson, the Supreme Court found that express hair design versus Schillermander, they cite with approval what we've said before in pre-Johnson cases. So what do we do with that? Expressions hair design itself was an as-applied challenge, so you can't cite that as some idea about what you have to do to bring a facial challenge. It's inapposite entirely. And so any citation, and the courts after Johnson, the three, Hassan and Bremer and the other one, they all take up that same idea that somehow expressions hair design is a reaffirmation of this thing, but it cannot be, because it itself, and the court made very clear in the decision, that it was an as-applied challenge. And so that standard cannot apply to my client's case where he's doing a facial challenge. Okay, let's put Johnson aside. I want you to assume that Johnson doesn't exist. Then I will say, then you have a prudential idea, and this is something else that the government would have to get over. The idea is that if application to the defendant is clear, then he doesn't get to do it. Well, it's anything but clear to my client, as to my client. Okay, hold on. So we're going to, we had more things coming after assuming that Johnson didn't exist. If Johnson doesn't exist, do you think that the first step is you have to at least do some type of as-applied challenge in this circuit? A low-level one, yes. You just have to show that it's not clear as to you. And, you know, you can say, you know, like in 303 Creative, for example, the plaintiff in that case had intentionally violated the statute. I mean, it wasn't, you know, whether or not it's clear or not. They went out of their way to violate the statute. Right. And in the other three, you know, Hassan and Bremer, it was undisputed that the defendant had violated. It was like, I've been using marijuana since I've been 14, and I have a, you know, closet full of guns. Right, and I'm thinking of this more from a procedural standpoint. And so I guess, you know, one of the conversations that I've had about these type of issues before is not what we think academically, but what have we done before here in this circuit? And in this circuit, it seems like we've required you to make an as-applied challenge before you could challenge something facially. Do you just generally agree with that? Not that it's an as-applied challenge. It's just an argument as to whether or not it was clear. Okay, fair enough. And I think that there's some space there. All right, I'll give you that. And so if that's the case, then the next thing we have to deal with is we have to make a determination, and I don't remember exactly what our nomenclature's been, but that Johnson clearly overruled what we had required before. Yes. Right. And how do we know that? I mean, how do we... You know it because that's the analysis that they had applied over the objections of the dissenting justices. Justice Thomas points out, hey, you didn't make this guy do an as-applied challenge first. And they're like, no, they didn't do that. Now, there's a hint that maybe you could say there's this other thing, whether or not it's clear, because in Johnson, the court does sort of say, oh, you know, this sawed-off shotgun prior, it's sort of questionable as to whether or not, so at least there's an argument there. So maybe there's a hint of that. In Johnson, DeMaia, and Davis, nowhere do they set that up. And so at the very least, that clarification that there's no all-applications rule is, I say, an explicit overruling of any prior requirement to bringing a facial challenge because it just makes no sense. There are very different types of challenges. So you think we ought to go back and say some of our prior precedent implying some as-applied analysis before we reach a facial challenge has now been abrogated by the Supreme Court case? Yes. And to the extent that you don't want to go that far, then it's at least a clear application. But, yes, I'm saying that the all-applications rule, explicit overruling also gets rid of that because the as-applied requirement only makes sense if you're going to have an all-applications rule. I mean, if you have an all-applications rule, then the application as to the client becomes relevant because if it's not unconstitutional as-applied to him, then you've missed the all-applications rule. I'm not sure that I agree with that premise, but it's more complicated than you have time to discuss. So I'll just say that's just something – I'm not taking that just as a given. That's something we have to grapple with. So that's the first two levels. So is any as-applied challenge required? Have they shown that it's clear or not clear? Thirdly, we have cited to the Second Amendment dimensions of this. And when a fundamental right is at stake, the Supreme Court has said, A, there's no initial need to make any showing in order to go for the facial challenge. And also that the standard for clarity is higher. And so I'm saying that when you have this context of the Second Amendment and all of the implications of restricting a fundamental right, that that comes in. Finally, the as-applied challenge. You can tell that this is unconstitutional as applied to my client because it depends on which definition you use as to whether or not my client is even guilty. The fact is that, yes, he admitted to using on one occasion – maybe it was a bender, I don't know – but it was, you know, five weeks prior to his possession. And the evidence indicates that no indication that he had used in the meantime. And so the government keeps getting up and saying, It shows a habit. It shows a habit. It shows a habit. But that's not evidence of a habit. That's evidence of a single use. And so you apply various types of constructions of this statute – consistent and prolonged, regularity over an extended period of time. We don't know what that means. But it certainly doesn't mean, you know, one instance conduct and then a few weeks later having some stuff on you. I mean, whether or not the statute can be applied depends entirely upon this sort of judicial gloss trying to explain this inherently vague term. We don't know what period of time. An extended period of time? Prolonged period of time? Time is endless. And, you know, any statement that doesn't have, you know, a specific time frame, which is what the jury was trying to get the judge to explain. I mean, the life of the law is experience. And the judge's experience in this court, in this issue, is very illustrative. What I'm gathering is that with Johnson and everything we've been talking about with you and imposing counsel and the questions that have been asked, I don't see – and that's why I wanted to hear what you're – I don't see Johnson being that clear because everywhere we've gone here, we've expanded it beyond belief. And it just looks to me like that the Supreme Court – there's no other instance where the Supreme Court only half spoke. Well, all I can say is the explicit rejection of the all-applications rule, along with the total disregard of the as-applied analysis, indicates an explicit overruling of any prior – any judicial decisions that impose that kind of prior obligation. We're going to go over time here in just a second, so don't worry about the clock. I'm going to ask – because I've got a question for you. I want to ask you about your Bruin argument. I mean, what do we do with that here because – and not blaming you for it, but that's new, right? Yeah. I mean, do we send that back for the district court to – if we agree with you that it has some legs, do we send it back for the district court to deal with it in the first instance, or do you think we deal with it here? We're here defending the district court's opinion. You can affirm on any basis. And this is a purely legal question. This is a purely legal question. And, you know, obviously, you know, it's not one that's been raised before because, you know, Bruin is a new decision. But I think it emphasizes the fundamental nature of the Second Amendment. And in the context of Colorado, for crying out loud, you know, we need some clarity as to when and, you know, what this means in this context. And this court is the one to do it initially. Okay. Thank you, counsel. I think we have some rebuttal time. I'd like to, unless the judge would like to go elsewhere, begin with the all-applications rule and Johnson. The all-applications rule is not the foundation for the as-applied rule. The as-applied rule is based on the vagueness doctrine itself, on fair notice and non-arbitrary enforcement. If the defendant's conduct falls under the statute, there can be no complaint that there was no fair notice. There can be no complaint that there was non-arbitrary enforcement. And, again, court after court recognizes this distinction between those two rules. So whatever Johnson had to say about the all-applications rule could not have any impact on the distinct and independent as-applied rule that this court outlined in the read is the basis for vagueness challenges. That is the standard the district court must follow. Johnson did not overrule that standard. As the Supreme Court itself, in expressions of fair design, recognized, and here is the language that the court used in that case, which spoke broadly of facial challenges generally, that a plaintiff whose speech is clearly prescribed cannot raise a successful vagueness claim, quoting Holder v. Humanitarian Law Project. Again, the as-applied rule stands after Johnson. The district court needed to follow the process outlined in Reef. It didn't. Briefly touching on the Second Amendment, courts recognize that First Amendment is unique, that the First Amendment needs breathing space. That's why it also allows over-breath challenges for First Amendment and nowhere else. No other fundamental right is recognized as permitting, as being a basis for a facial challenge, including the Second Amendment. And to the extent that Bruin was cited below, it was only to highlight that the Second Amendment is a fundamental right and not as raising a separate Bruin challenge to the statute. This was still just a void for vagueness challenge. So based on these first principles that support the as-applied doctrine, that stands. As here, Mr. Morales-Lopez's conduct fell within confines of the statute and the district court erred. If there are no other questions, I ask this court to reverse and remand for re-sanctioning. Thank you, counsel. The case will be submitted. Counsel will be excused.